IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| TOMMY LEE HARRIS, JR., | ) Civil Action No. 3:09-2880-TLW-JRM |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| CHARLESTON DETENTION CENTER; | ) |
| SHERIFF AL CANNON, | ) |
| Defendants | ) |

Plaintiff, Tommy Lee Harris, Jr., filed this action on November 6, 2009.[1] He claims that he was held at the Charleston Detention Center ("CDC") for seven days past his release date. Defendants are the CDC and Charleston County Sheriff Al Cannon ("Cannon"). Because Plaintiff is proceeding pro se, he was advised on May 27, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment could result in the dismissal of his complaint. Plaintiff filed responses on June 4 and 23, 2010. He also filed his own motion for summary judgment on May 25, 2010, and appears to have renewed that motion on October 5, 2010.

## **DISCUSSION**

Plaintiff was placed at the CDC on March 6, 2008, for allegedly violating his parole (he was convicted on the charge of Burglary 2nd in Laurens County in 2003). See Defendants' Motion for Summary Judgment, Ex. A (South Carolina Probation and Pardon Services Arrest and Supplemental

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the court.

Booking Report). He was transported to the Court of General Sessions of Charleston County on April 4, 2008, to respond to an indictment for violating his parole conditions. Defendants' Motion for Summary Judgment, Ex. B. Plaintiff was found to have violated the conditions of his parole, he was required to serve 29 days, he was given credit for time served of 29 days, and he was to continue on probation. Id. Plaintiff was returned to the CDC after his parole violation hearing on April 4, 2008. He was released from the CDC on April 11, 2008.

Plaintiff alleges that Defendants were negligent in holding him at the CDC beyond his release date. He claims that as a result of Defendants' actions he suffered from headaches and increased anxiety. Plaintiff claims that he should have been released on April 4, 2008, but was not released until April 11, 2008. Defendants assert that they were unable to release Plaintiff until April 11, 2008, because they did not receive a court order authorizing Plaintiff's release until the Order was faxed to the jail at 12:19 a.m. on April 11, 2008. They contend that they are entitled to summary judgment because (1) CDC is not a sui juris defendant and is not capable of either suing or being sued; (2) no constitutional violation was committed against Plaintiff by either CDC or Cannon; (3) Cannon cannot be held liable on a theory of respondeat superior liability; and (4) Cannon is entitled to qualified immunity. In his motions for summary judgment, Plaintiff appears to argue that he is entitled to summary judgment because he does not believe that Defendants did not receive the order for his release until April 11, 2008.

1. CDC

CDC contends that it is only a facility and as such is not a sui juris party, is not capable of suing or being sued, and is not a "person" for purposes of § 1983. Buildings, walls, and fences do not act under color of state law. See Allison v. California Adult Authority, 419 F.2d 822,

2

823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under § 1983). Buildings and correctional institutions, like sheriff's departments and police departments, are not usually considered legal entities subject to suit. See, e.g., Martinez v. Winner, 771 F.2d 424, 444(10th Cir. 1985)(Denver Police Department not a separate suable entity), vacating and remanding for consideration of mootness, 475 U.S. 1138 (1986); Post v. City of Fort Lauderdale, 750 F. Supp. 1131 (S.D.Fla. 1990); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D.Ga. 1984); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989)(§ 1983 claims are directed at "persons" and a jail is clearly not a person amenable to suit). Hence, CDC is not a "person" subject to suit under § 1983.

2. Conditions of Confinement

Plaintiff alleges that as a result of Defendants' actions he remained longer than necessary at the CDC, causing him severe headaches and more serious nerve problems than usual. Complaint at 3-4. Defendants contend that to the extent Plaintiff is alleging an Eighth Amendment violation it fails because Plaintiff fails to show any injuries from his conditions of confinement that are more than de minimis and he fails to show that Defendants were deliberately indifferent to his conditions of confinement.

The Eighth Amendment provides protection with respect to "the treatment a prisoner receives in prison and the conditions under which he is confined." Helling v. McKinney, 509 U.S. 25, 31 (1993). However, the constitutional prohibition against the infliction of cruel and unusual punishment "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991). Eighth Amendment protection

3

from cruel and unusual living conditions has both objective and subjective components. First, deprivations must be objectively serious in the sense that they violate contemporary notions of decency. Rhodes v. Chapman, 452 U.S. 337 (1981). Second, the plaintiff must show that subjectively the prison officials acted with a sufficiently culpable state of mind. Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.), cert. denied, 510 U.S. 949 (1993). The Supreme Court has held that prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825 (1994). A plaintiff must produce evidence of serious or significant physical or emotional injury resulting from the challenged conditions to withstand summary judgment on a prison living conditions claim. Strickler, 989 F.2d at 1380-81.

Plaintiff fails to establish a constitutional claim because he has not shown any serious or significant physical or emotional injury resulting from the alleged conditions. See Strickler, 989 F.2d at 1380-1381. Louis Ancrum ("Ancrum"), III, a Captain with the Charleston County Sheriff's Office and Special Operations Commander for the CDC, states that he has reviewed Plaintiff's CDC records and file. He states that these records do not reflect that Plaintiff ever complained of any headaches, nerve problems, or apprehension for his safety, and do not show that Plaintiff sought medical care or treatment regarding the allegations in his Complaint while he was at the CDC. Ancrum Aff., Para. 9.

Additionally, Plaintiff fails to show that any of the Defendants acted with a sufficiently culpable state of mind. Plaintiff has not alleged that the CDC or Cannon knew that there was a court order for Plaintiff's release from the CDC prior to April 11, 2008. Defendant Ancrum states that his duties include the processing of court orders and releases for detainees and inmates at CDC. He

4

states that to release an inmate from custody, he must receive a signed and filed stamped court order. Ancrum states that his facility did not receive a court order to release Plaintiff until April 11, 2008. Ancrum Aff., Paras. 2, 6, and 7.

3. <u>Negligence</u>

Plaintiff alleges that Defendants' actions constituted negligence. Negligence, in general, is not actionable under 42 U.S.C. § 1983. <u>See</u> <u>Daniels v. Williams</u>, 474 U.S. 327, 345-48 (1986); <u>Ruefly v. Landon</u>, 825 F.2d 792, 798-94 (4th Cir. 1987); and <u>Pink v. Lester</u>, 52 F.3d 73, 78 (4th Cir. 1995).

4. <u>Supervisory Liability</u>

Defendant Cannon contends that Plaintiff has not alleged that he was personally involved in any of the alleged deprivations and that he cannot be held liable on a theory of respondeat superior.

The doctrine of respondeat superior generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. <u>See</u> <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978); <u>Fisher v. Washington Metro Area Transit Authority</u>, 690 F.2d 1133, 1142-43 (4th Cir. 1982). Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. <u>Slakan v. Porter</u>, 737 F.2d 368 (4th Cir. 1984), <u>cert.</u> <u>denied</u>, <u>Reed v. Slakan</u>, 470 U.S. 1035 (1985).

Plaintiff has not alleged that Defendant Cannon was personally responsible for any of the incidents or acted in any way other than a supervisory role. Ancrum states that Defendant Cannon

had no dealings with Plaintiff and that all dealings with Plaintiff were by designated employees. Further, Plaintiff has not shown that Defendant Cannon was deliberately indifferent to, or tacitly authorized, any of the actions or inactions of the CDC employees. Thus, Plaintiff fails to show that Defendant Cannon is liable on a theory of respondeat superior or supervisory liability.

    5.    Qualified Immunity

Defendant Cannon contends that he is entitled to qualified immunity in his individual capacity. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit has stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendant Cannon violated any of his clearly established constitutional or statutory rights. Therefore, Defendant Cannon is entitled to qualified immunity in his individual capacity.

6

6. State Law Claims

It is unclear whether Plaintiff is attempting to assert any state law claims. As Plaintiff fails to show that Defendants violated his rights under § 1983 (as discussed above), only his state law claims would remain. Thus it is also recommended, pursuant to 28 U.S.C. § 1367(c)(3), that any remaining state law claims be dismissed.

## **CONCLUSION**

Based on review of the record, it is recommended that Defendants' motion for summary judgment (Doc. 24) be **granted**. It is also recommended that Plaintiff's motions for summary judgment (Docs. 25 and 34) be **denied**.

_____
Joseph R. McCrorey
United States Magistrate Judge

December 8, 2010
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).