IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Tommy Lee Harris, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 3:09-2880-TLW-JRM |
| | ) | |
| Charleston Detention Center; | ) | |
| Sheriff Al Cannon, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# ORDER

The plaintiff, Tommy Lee Harris, Jr. ("plaintiff"), brought this civil action, pro se, on November 6, 2009 against the defendants, Charleston Detention Center and Sheriff Al Cannon ("defendants"). (Doc. # 1). The plaintiff filed a motion for summary judgment on May 25, 2010 (Doc. # 25), and an affidavit in support on June 23, 2010 (Doc. # 31). The defendants filed a response on June 23, 2010. (Doc. # 30). The defendants filed a motion for summary judgment on May 26, 2010 (Doc. # 24), and the Court issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), giving the plaintiff until July 1, 2010, to respond (Doc. # 26). The plaintiff filed a response on June 4, 2010. (Doc. # 28). The plaintiff filed a second motion for summary judgment on October 5, 2010. (Doc. # 34).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Joseph R. McCrorey to whom this case had previously been assigned. (Doc. # 37). In the Report, the Magistrate Judge recommends that the defendants' motion for summary judgment (Doc. # 24) be granted with respect to the plaintiff's

1

claims under 42 U.S.C. § 1983. (Doc. # 37). The Magistrate Judge also recommends that pursuant to 28 U.S.C. § 1367(c), the Court decline to exercise supplemental jurisdiction over any remaining state law claims raised by the plaintiff. (Doc. # 37). Additionally, the Magistrate Judge recommends that the plaintiff's motions for summary judgment (Docs. 25, 34) be denied. (Doc. # 37). The plaintiff filed objections to the report. (Docs. 42, 43, 48). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

Included among the plaintiff's objections is a letter from the defendants' counsel, which refers to a settlement offer that was made to the plaintiff. (Doc. # 48). The letter does not concede liability. In addition, Federal Rule of Evidence 408 provides that an offer to compromise is not admissible to prove liability. As a result, this objection is overruled. The plaintiff also objects to the defendants' argument that the order authorizing the plaintiff's release was not faxed to the prison until 12:19 a.m. on April 11, 2008. The actual order showing the time stamp of when it was received is not produced by either party, but the defendants provide an affidavit from a prison official attesting to when the order was received by the prison. Further, the plaintiff produces no evidence

2

demonstrating the release order was received at an earlier time.  Therefore, the Court decides on the basis of the record before it that this objection is overruled.  After careful review, this Court also overrules the other objections raised by the plaintiff.

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections.  After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report.  (Doc. # 37).  Therefore, for the reasons articulated by the Magistrate Judge, the defendants' motion for summary judgment (Doc. # 24) is **GRANTED** with respect to the plaintiff's claims under 42 U.S.C. § 1983.[1]  Pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over any remaining state law claims.  The plaintiff's motions for summary judgment (Docs. 25, 34) are **DENIED**.

---

[1] On January 4, 2011, the plaintiff filed a motion for an extension of time to file objections to the Report and Recommendation.  (Doc. # 44).  This motion for an extension (Doc. # 44) is **DENIED** because it is now moot, as the plaintiff ultimately filed a third set of objections after the deadline for filing objections (Doc. # 48).  In ruling on this Report and Recommendation, this Court has considered all objections raised by the plaintiff, including those submitted after the December 29, 2010, filing deadline.  (Docs. 42, 43, 48).  The plaintiff also filed a motion to appoint counsel due to mental health after the Report and Recommendation was filed.  (Doc. # 46).  Previously, the plaintiff filed a similar motion to appoint to counsel because of his mental health (Doc. # 20), which was denied by United States Magistrate Judge Joseph R. McCrorey on December 8, 2010 (Doc. # 36).  28 U.S.C. § 1915(e)(1) gives a court discretionary authority to request an attorney to represent a civil litigant who has been granted in forma pauperis status.  No statute authorizes payment of an attorney under such circumstances, and the Court cannot require an unwilling attorney to represent a civil litigant claiming in forma pauperis status.  Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 310 (1989).  Therefore, a court should exercise its discretion and secure counsel only under "exceptional circumstances."  Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).  "Exceptional circumstances exist where 'a pro se litigant has a colorable claim but lacks the capacity to present it.'"  Hall v. Holsmith, 340 Fed. Appx. 944, 946 (4th Cir. 2009) (quoting Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. at 298).  This Court has reviewed the mental health records submitted by the plaintiff and agrees with the Magistrate Judge's earlier finding that the plaintiff has not shown he is incapable of representing himself or that the complexity of the issues being litigated requires the appointment of counsel.  Therefore, the plaintiff's motion to appoint counsel (Doc. # 46) is **DENIED**.  In addition, the plaintiff filed a motion for a hearing, counsel, and summary judgment.  (Doc. # 50).  However, the plaintiff does not make any arguments in this motion that are not raised in his motion to appoint counsel and his objections to the Report and Recommendation, and the Court concludes that a hearing is not necessary to decide the issues before it.  As a result, the plaintiff's motion for a hearing, counsel, and summary judgment (Doc. # 50) is **DENIED**.

**IT IS SO ORDERED**.

    s/Terry L. Wooten    
United States District Judge

March 23, 2011
Florence, South Carolina